UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Miami Division

8843/DCR/tzo

DANIEL LAROSA,
    *Plaintiff*,

v.                                            CASE NO. 13-CV-21585

CITY OF SWEETWATER,
a Florida municipality,
    *Defendant*.
_____/

## COMPLAINT

The Plaintiff, DANIEL LAROSA, sues the Defendant, CITY OF SWEETWATER (the "City"), and alleges:

### Parties, Jurisdiction, and Venue

1. The Plaintiff, DANIEL LAROSA, is a teacher at a school for special-needs students and at all times material hereto was an adult resident and citizen of the State of Florida.

2. The Defendant, CITY OF SWEETWATER, is a municipality, located in Miami-Dade County, Florida, which at all times material hereto operated the Sweetwater Police Department.

3. The City is responsible for ensuring that its officers, employees, servants, and agents obey the laws of the United States and of the State of Florida.

4. All conditions precedent to bringing this action have been performed, have occurred, or have been waived.

5. This action is brought to redress deprivations of federally protected constitutional rights pursuant to 42 U.S.C. § 1983, along with supplemental state-law claims for defamation and intentional infliction of emotional distress.

6. This Court enjoys jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343, whereas 28 U.S.C. § 1367(a) grants the Court supplemental jurisdiction over the state-law claims.

7. Venue properly lies in the Southern District of Florida because all events giving rise to this action occurred in Miami-Dade County, Florida.

## Jury Demand

8. The Plaintiff, DANIEL LAROSA, demands a trial by jury of all issues so triable as of right.

## General Allegations

9. After learning that his ex-girlfriend had begun dating a Sweetwater Police Officer, on January 30, 2012, via the Instagram social media application, LAROSA posted an image of album art for the DJ Raid/Combine in Da Hood song "Diary of a Cop Killa." The image has the appearance of a video game still shot. (Exhibit A.)

10. In response to comments by another Facebook user, apparently a policeman for an unknown jurisdiction, LAROSA appended the remark, "I got no beef with u! It's Sweetwater pd that's gotta die!!! Lol." (Ex. A.)

11. The post and comments came to the attention of members of the Sweetwater Police Department (the "Department").

12. On February 5, 2012, an unknown reviewing officer cleared the case for the arrest of LAROSA. (Incident report attached hereto as Exhibit B.)

13. After an uneventful month, on Monday, March 5, 2012, at 11:00 a.m., Officers Brenner and Oliu of the Department visited LAROSA's place of employment, the

      Our Pride Academy, a school for individuals with developmental disabilities, located at 11025 SW 84th Street in unincorporated Miami-Dade County, Florida, well outside the Defendant City.

14. Brenner and Oliu, acting at all times under color of law and within the course and scope of their employment, arrested LAROSA, depriving him of his liberty against his will; paraded him in handcuffs in full view of students and faculty; charged him with a felony: corruption by threat against a public servant, a violation of section 838.021, Florida Statutes; and transported him to the Dade County Jail, where he was confined to a holding cell.

15. LAROSA issued no threat on January 30, 2012, and posed no threat to any member of the Department at any time, including more than a month later, when the Department arrested him, causing him abuse and harassment and violating his constitutional rights.

16. LAROSA's arrest was wholly without any basis in law or fact. The statute under which LAROSA was arrested states:

> It is unlawful to harm or threaten to harm any public servant, his or her immediate family, or any other person with whose welfare the public servant is interested <u>with intent to</u>:
>     (a)   *Influence the performance of any act or omission* that the person believes to be, or that the public servant represents as being, *within the official discretion of the public servant*, in violation of a public duty, or in performance of a public duty.
>     (b)   Cause or induce the public servant to use or exert, or procure the use or exertion of, any influence upon or with any other public servant regarding *any act or omission* that the person believes to be, or that the public servant represents as being, *within the official discretion of the public servant*, in violation of a public duty, or in performance of a public duty.

Section 838.021(1), Fla. Stat. (emphasis supplied).

17. Putting to one side the fact that LAROSA never made any threat, it is unquestionable that LAROSA's Instagram posting was not made with any intent to influence any act or omission within the official discretion of any public servant.

18. LAROSA had to hire an attorney to represent him in the felony criminal case against him.

19. On April 4, 2012, the charge against LAROSA was dropped when the State Attorney's Office declined to prosecute.

20. Notwithstanding the termination of the case against him, LAROSA's life has been affected profoundly by the meritless arrest. LAROSA has suffered humiliation and other severe emotional and psychological trauma.

21. The unwarranted arrest may impact LAROSA's career, as each teacher certified by the State of Florida must re-certify every five years and at re-certification LAROSA must disclose the arrest, notwithstanding the State Attorney's refusal to prosecute. Such disclosure will cause LAROSA's re-certification application to be referred to the Office of Professional Practices of the state Department of Education for additional review.

## COUNT I – VIOLATION OF CIVIL RIGHTS UNDER § 1983

22. LAROSA re-alleges the allegations of paragraphs 1-21, *supra*, and incorporates them herein as if stated in full.

23. This is an action pursuant to 42 U.S.C. § 1983 for declaratory relief and money damages for the violation by the CITY OF SWEETWATER of LAROSA's civil rights guaranteed by the First, Fourth, Fifth, and Fourteenth Amendments to the United States Constitution.

24. The City was responsible for following and implementing all relevant laws, rules, regulations, and policies with regard to screening, hiring, retaining, training, and assigning to duties the officers of the Department.

25. The City was deliberately, callously, or recklessly indifferent to the rights of individuals, particularly LAROSA, in that it instituted a custom or policy of negligently, recklessly, or intentionally failing properly to screen, hire, retain, train, and assign to duties the officers of the Department; specifically, the Department and the City had the custom and practice to make extra-jurisdictional, warrantless arrests such as on the Plaintiff herein; and the City and Department failed by custom and practice to have any policy or procedure preventing extra-jurisdictional warrantless arrests as on the Plaintiff herein.

26. The City and the Department acted with deliberate, callous, or reckless indifference to the constitutional rights of LAROSA.

27. The City knew or should have known that its deliberate, callous, or reckless indifference foreseeably would result in injury to members of the public, including LAROSA.

28. The actions of the City and the Department in arresting and charging LAROSA violated his constitutionally protected rights to freedom of speech and due process.

29. As a direct and proximate result of the deprivation of his constitutionally protected rights, LAROSA has suffered serious injury and incurred damages, including but not limited to humiliation, serious emotional and psychological injury and trauma, injury to his standing and reputation in the community, injury to his professional

reputation, lost wages, loss of the ability to earn money, loss of the capacity for the enjoyment of life, and impairment to professional advancement.

**WHEREFORE,** the Plaintiff, DANIEL LAROSA, prays that this Honorable Court enter judgment against the Defendant, CITY OF SWEETWATER, for violating 42 U.S.C. § 1983 and declare the acts of the CITY OF SWEETWATER violative of DANIEL LAROSA's constitutionally protected rights, award compensatory damages to DANIEL LAROSA, award punitive damages to DANIEL LAROSA, and award attorney's fees and costs, with interest if applicable, to DANIEL LAROSA pursuant to 28 U.S.C. § 1988, along with any and all other relief the Court deems proper and just.

## COUNT II – FALSE ARREST

30. LAROSA re-alleges the allegations of paragraphs 1-21, *supra*, and incorporates them herein as if stated in full.

31. LAROSA's March 5, 2012, arrest was made without a warrant or probable cause.

32. The facts and circumstances within the knowledge of Officers Brenner and Oliu would cause no reasonably prudent person to believe that LAROSA had committed any crime, particularly that for which he was arrested, because it is unquestionable that LAROSA's Instagram posting was not made with any intent to influence any act or omission within the official discretion of any public servant.

33. The City was deliberately, callously, or recklessly indifferent to the rights of individuals, particularly LAROSA, in that it took no steps to prevent the unjustified, extra-jurisdictional, warrantless arrest of the Plaintiff, and failed by custom or policy to negligently, recklessly, or intentionally properly screen, hire,

retain, train, and assign to duties the officers of the Department to prevent unjustified, warrantless, extra-jurisdictional arrests.

34. The City and the Department acted with deliberate, callous, or reckless indifference to the constitutional rights of LAROSA.

35. The City knew or should have known that its deliberate, callous, or reckless indifference foreseeably would result in injury to members of the public, including LAROSA.

36. LAROSA has been damaged by the deprivation of his liberty without legal justification.

37. As a direct and proximate result of the deprivation of his liberty without legal justification, LAROSA has suffered serious injury and incurred damages, including but not limited to humiliation, serious emotional and psychological injury and trauma, injury to his standing and reputation in the community, injury to his professional reputation, lost wages, loss of the ability to earn money, loss of the capacity for the enjoyment of life, and impairment to professional advancement.

**WHEREFORE,** the Plaintiff, DANIEL LAROSA, prays that this Honorable Court enter judgment against the Defendant, CITY OF SWEETWATER, and award compensatory damages to DANIEL LAROSA and the costs of this action, along with any and all other relief the Court deems proper and just.

## COUNT III – FALSE IMPRISONMENT

38. LAROSA re-alleges the allegations of paragraphs 1-21, *supra*, and incorporates them herein as if stated in full.

39. LAROSA's March 5, 2012, arrest and detention were unreasonable, unlawful, and not warranted by the circumstances.

40. LAROSA was detained on the basis of a false arrest, as described, *supra*. The City was deliberately, callously, or recklessly indifferent to the rights of individuals, particularly LAROSA, in that it took no steps to prevent the unjustified, extra-jurisdictional, warrantless arrest of the Plaintiff, and failed by custom or policy to negligently, recklessly, or intentionally properly screen, hire, retain, train, and assign to duties the officers of the Department to prevent unjustified, warrantless, extra-jurisdictional arrests.

41. The City and the Department acted with deliberate, callous, or reckless indifference to the constitutional rights of LAROSA.

42. The City knew or should have known that its deliberate, callous, or reckless indifference foreseeably would result in injury to members of the public, including LAROSA.

43. As a direct and proximate result of his unreasonable, unlawful, and unwarranted arrest and detention, LAROSA has suffered serious injury and incurred damages, including but not limited to humiliation, serious emotional and psychological injury and trauma, injury to his standing and reputation in the community, injury to his professional reputation, lost wages, loss of the ability to earn money, loss of the capacity for the enjoyment of life, and impairment to professional advancement.

**WHEREFORE,** the Plaintiff, DANIEL LAROSA, prays that this Honorable Court enter judgment against the Defendant, CITY OF SWEETWATER, and award to DANIEL

LAROSA compensatory damages, punitive damages, and the costs of this action, along with any and all other relief the Court deems proper and just.

## **COUNT IV – MALICIOUS PROSECUTION**

44. LAROSA re-alleges the allegations of paragraphs 1-21, *supra*, and incorporates them herein as if stated in full.

45. The March 5, 2012, arrest of LAROSA initiated and was the legal cause of a criminal prosecution of LAROSA by the State Attorney's Office for corruption by threat against a public servant.

46. The prosecution of LAROSA for corruption by threat against a public servant was done for retaliation and other malicious and nefarious purposes.

47. The City caused the prosecution of LAROSA for corruption by threat against a public servant primarily to injure LAROSA and acted recklessly and without regard for whether the prosecution was justified.

48. But for the actions of the City, the proceedings against LAROSA would not have been instituted.

49. The prosecution of LAROSA for corruption by threat against a public servant lacked any basis in law or fact.

50. No probable cause existed for the criminal prosecution of LAROSA.

51. LAROSA was deprived of his liberty and had to hire an attorney to defend against the scurrilous and unfounded charge of corruption by threat against a public servant.

52. The criminal prosecution of LAROSA ended on April 4, 2012, in a bona fide termination in favor of LAROSA.

53. The City was deliberately, callously, or recklessly indifferent to the rights of individuals, particularly LAROSA, in that it instituted a custom or policy of negligently, recklessly, or intentionally failing properly to screen, hire, retain, train, and assign to duties the officers of the Department.

54. The City and the Department acted with deliberate, callous, or reckless indifference to the constitutional rights of LAROSA.

55. The City knew or should have known that its deliberate, callous, or reckless indifference foreseeably would result in injury to members of the public, including LAROSA.

56. As a direct and proximate result of the unfounded prosecution for corruption by threat against a public servant, LAROSA has suffered serious injury and incurred damages, including but not limited to humiliation, serious emotional and psychological injury and trauma, injury to his standing and reputation in the community, injury to his professional reputation, lost wages, loss of the ability to earn money, loss of the capacity for the enjoyment of life, and impairment to professional advancement.

**WHEREFORE,** the Plaintiff, DANIEL LAROSA, prays that this Honorable Court enter judgment against the Defendant, CITY OF SWEETWATER, and award to DANIEL LAROSA compensatory damages, punitive damages, and the costs of this action, along with any and all other relief the Court deems proper and just.

## COUNT V – ABUSE OF PROCESS

57. LAROSA re-alleges the allegations of paragraphs 1-21, *supra*, and incorporates them herein as if stated in full.

58. In arresting LAROSA on March 5, 2012, and seeking to have the State Attorney's Office to lay against LAROSA the charge of corruption by threat of a public servant, the City made an illegal, improper, or perverted use of process.

59. The City arrested LAROSA and sought to have the State Attorney's Office to charge him not with the purpose of furthering any legitimate law enforcement goal, but rather with the ulterior motive of retaliating against and punishing LAROSA for his January 30, 2012, social media post.

60. By procuring the prosecution of LAROSA for corruption by threat of a public servant, the City exhibited a reckless, wanton, malicious, and outrageous disregard for LAROSA's rights.

61. The City was deliberately, callously, or recklessly indifferent to the rights of individuals, particularly LAROSA, in that it instituted a custom or policy of negligently, recklessly, or intentionally failing properly to screen, hire, retain, train, and assign to duties the officers of the Department.

62. The City and the Department acted with deliberate, callous, or reckless indifference to the constitutional rights of LAROSA.

63. The City knew or should have known that its deliberate, callous, or reckless indifference foreseeably would result in injury to members of the public, including LAROSA.

64. As a direct and proximate result of the illegal, improper, or perverted use of process, LAROSA has suffered serious injury and incurred damages, including but not limited to humiliation, serious emotional and psychological injury and trauma, injury to his standing and reputation in the community, injury to his

professional reputation, lost wages, loss of the ability to earn money, loss of the capacity for the enjoyment of life, and impairment to professional advancement.

**WHEREFORE,** the Plaintiff, DANIEL LAROSA, prays that this Honorable Court enter judgment against the Defendant, CITY OF SWEETWATER, and award to DANIEL LAROSA compensatory damages and the costs of this action, along with any and all other relief the Court deems proper and just.

## **COUNT VI - DEFAMATION**

65. LAROSA re-alleges the allegations of paragraphs 1-21, *supra*, and incorporates them herein as if stated in full.

66. In the course of arresting LAROSA and initiating the prosecution of LAROSA, the City caused one or more defamatory statements that LAROSA had committed a crime, specifically corruption by threat against a public servant, to appear in the public record and to be published.  Specifically, the City and Department made statements to the media, or otherwise caused the media to report that the LAROSA had made threatening statements to the Department and/or its members, that LAROSA had committed a crime, and otherwise caused the media to report the arrest of LAROSA as the arrest of a terrorist.  South Florida and national media covered the arrest and prosecution, republishing the defamatory statement or statements, including specifically references to LAROSA as a terrorist.

67. As borne out by the eventual termination of the prosecution in LAROSA's favor, the statement or statements were false, which was apparent on their face.

68. The State Attorney's office refused to file formal charges based on the arrest and information provided by the City and the Department because no crime or violation of law was committed by LAROSA.

69. At the time it made the defamatory statement or statements about LAROSA, the City knew or should have known that the statement or statements were false.

70. The City published the defamatory statement or statements about LAROSA without taking reasonable care to determine their falsity.

71. The defamatory statement or statements are actionable per se in that they imputed to LAROSA a criminal offense amounting to a felony.

72. LAROSA was greatly prejudiced in the eyes of the community, particularly the students, staff, and administrators at his place of employment, as well as the larger community, by the defamatory statement or statements.

73. The defamatory statement or statements bore no relation to legitimate law enforcement activity, but instead were published out of ill will, hostility, and with the intent to harm LAROSA, solely to retaliate against and punish LAROSA for his January 30, 2012, social media posting.

74. As a direct and proximate result of the publication by the City of a defamatory statement or statements, LAROSA has suffered serious injury and incurred damages, including but not limited to humiliation, serious emotional and psychological injury and trauma, injury to his standing and reputation in the community, injury to his professional reputation, lost wages, loss of the ability to earn money, loss of the capacity for the enjoyment of life, and impairment to professional advancement.

**WHEREFORE,** the Plaintiff, DANIEL LAROSA, prays that this Honorable Court enter judgment against the Defendant, CITY OF SWEETWATER, and award to DANIEL LAROSA compensatory damages, punitive damages, and the costs of this action, along with any and all other relief the Court deems proper and just.

### COUNT VI – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

75. LAROSA re-alleges the allegations of paragraphs 1-21, *supra*, and incorporates them herein as if stated in full.

76. The conduct of the City, acting through Officers Brenner and Oliu, in arresting LAROSA for corruption by threat against a public servant, depriving him of his liberty, and parading him in handcuffs through his place of employment in full view of students and faculty, was intentional or with reckless disregard for LAROSA's rights.

77. Such behavior by the City was wholly outrageous and went far beyond the bounds of decency in that it was a violation of the great power and authority we as a community entrust to police officers, who occupy a position of power and whom we expect to exercise such power only to further legitimate law enforcement purposes and not, as here, for the improper purposes of intimidation, retribution, and punishment.

78. Among other purposes, the conduct of the City was intended to cause, or the City knew or should have known that it would cause, LAROSA to experience severe emotional distress

79. As a direct and proximate result of the City's conduct, LAROSA suffered and continues to suffer severe and extreme emotional distress.

**WHEREFORE,** the Plaintiff, DANIEL LAROSA, prays that this Honorable Court enter judgment against the Defendant, CITY OF SWEETWATER, and award to DANIEL LAROSA compensatory damages, punitive damages, and the costs of this action, along with any and all other relief the Court deems proper and just.

Dated this ____ day of May, 2013.                    Respectfully submitted,

_/s/_____
Domingo C. Rodriguez, Esq.
(Florida Bar No. 394645)
domingo@rslawmiami.com
**Rodriguez Schooley Law Firm, LLC**
2121 Ponce de Leon Blvd., Suite 430
Miami, Florida 33134
Tel: (305)774-1477~Fax: (305)774-1075